# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JUAN C. PINO,

    Plaintiff,

v.                                                Case No. 8:20-cv-2602-KKM-AAS

DAVID P. FIGUEROA,

    Defendants.
_____/

## ORDER

On March 10, 2021, the parties[1] filed a joint motion to substitute Raymond A. Figueroa, Jr., the personal representative of the estate of David P. Figueroa, for Defendant David P. Figueroa in this action. Doc. 17. The motion informed the Court that "[c]ounsel for the defense recently advised the Plaintiff of David P. Figueroa's death and the appointment of Raymond A. Figueroa, Jr, as the Personal Representative of the Estate of David P. Figueroa." *Id.* at 1–2. The parties moved for the substitution of Raymond A. Figueroa under Federal Rule of Civil Procedure 25(a)(1). *Id.* at 2. The Court entered an order on March 12, 2021, directing Plaintiff to inform the Court whether the motion was filed within ninety days after service of a statement noting the death of David P. Figueroa. *See* Rule 25(a)(1); Doc. 18. Plaintiff filed a response,

---

[1] Although Plaintiff's counsel filed the motion, the parties "agreed to submit the . . . motion as an unopposed joint motion." Doc. 17 at 2.

explaining that David P. Figueroa's death occurred approximately six weeks prior to the initial filing of the Complaint in state court (before being removed here). Doc. 19 at 2. Plaintiff acknowledges that "due to the death of Mr. Figueroa prior to the filing of the Complaint, the proper procedural mechanism should have been to file a Motion for Leave to file an Amended Complaint naming the Personal Representative as the Defendant here." *Id.* at 3. In his response, Plaintiff requests "that this Court consider the Motion for Substitution as a Motion for Leave to File a First Amended Complaint in order to properly name the Personal Representative of Mr. Figueroa's estate as the Defendant in this action." *Id.* at 4. Plaintiff attached his proposed amended complaint to the response.[2] *Id.* at Exhibit 1.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave," which the "court should freely give . . . when justice so requires." *See In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a

---

[2] In his response, Plaintiff also requests, in the alternative, "that this Court find that there was good cause and/or excusable neglect for the failure to file a motion for substitution within ninety (90) days of the filing of the Notice of Suggestion of Death in light of the unusual facts here and the parties' willingness to work together to correct the procedural issues caused by Mr. Figueroa's untimely death and the timing of the filing of Plaintiff's Complaint." Doc. 19 at 4. The Court construes the parties' joint motion as a motion for leave to file an amended complaint and finds it unnecessary to address this argument in the alternative.

proper subject of relief.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[G]enerally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint." *Id.* at 1109 (citation omitted).

Here, Plaintiff certifies that the parties are "in agreement that this Court should determine that this matter should proceed against Raymond A. Figueroa, Jr, in his official capacity as the Personal Representative of the Estate of David P. Figueroa." Doc. 19 at 6. Plaintiff further asserts that "the parties have been acting in good faith and with the intent to move this case forward in a proper procedural manner" and that "both the Plaintiff and Defendant were mistaken regarding the proper procedure to be followed in this relatively unusual scenario." *Id.* at 4. In the light of Plaintiff's response and Defendant's agreement with the response, the Court construes the parties' joint motion to substitute the defendant in this action, Doc. 17, as a motion for leave to file a first amended complaint. Further, considering that the Court should freely give leave to amend a pleading when justice so requires, the Court grants the joint motion to substitute the defendant.

Accordingly, the following is **ORDERED**:

1. The motion to amend Plaintiff's complaint to substitute Raymond A. Figueroa, Jr., the Personal Representative of the Estate of David P. Figueroa, for the deceased David P. Figueroa, is **GRANTED**. Doc. 17.

2. By **April 13, 2021**, Plaintiff must separately file the amended complaint that is attached to his response. Doc. 19 at Exhibit 1.

3. By **May 4, 2021**, Defendant must respond to the amended complaint.

5. The Clerk is directed to terminate David P. Figueroa from the case and substitute Raymond A. Figueroa, Jr., the Personal Representative of the Estate of David P. Figueroa, as the defendant in this action.

6. The Clerk is directed to reflect this substitution in the case caption and any other case information.

**ORDERED** in Tampa, Florida, on April 6, 2021.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge